# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH T., <br><br>        Plaintiff, <br><br>v. <br><br>KILOLO KIJAKAZI, <br>Acting Commissioner of Social Security, <br><br>        Defendant. | REPORT AND RECOMMENDATION <br><br>Case No. 2:22-cv-00364-RJS-JCB <br><br><br>Chief District Judge Robert J. Shelby <br><br>Magistrate Judge Jared C. Bennett |

      This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Joseph T.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[2] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's arguments on appeal fail. Therefore, the court recommends affirming the Commissioner's decision.

---

[1] ECF No. 6.

[2] 42 U.S.C. §§ 401-434.

## PROCEDURAL BACKGROUND

On March 24, 2011, the Commissioner determined that Plaintiff was disabled and entitled to DIB beginning on June 30, 2010.[3] As part of a continuing disability review, the Commissioner later determined that Plaintiff's disability ended on April 1, 2019, and, therefore, that Plaintiff was no longer entitled to DIB.[4] Plaintiff requested reconsideration of that decision,[5] and upon reconsideration, the Commissioner affirmed that Plaintiff's disability ended on April 1, 2019.[6]

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").[7] Plaintiff appeared with counsel at the hearing on October 7, 2021.[8] On October 28, 2021, the ALJ issued a written decision in which he followed the required process for determining whether Plaintiff continued to be disabled.[9] The ALJ determined that: (1) Plaintiff had not engaged in substantial gainful activity through the date of the ALJ's decision; (2) since April 1, 2019, Plaintiff's impairments did not meet or equal a section of Appendix 1 of the relevant regulations (individually, "listing" and collectively, "listings");[10] (3) Plaintiff experienced medical improvement on April 1, 2019; (4) Plaintiff's medical improvement was related to his ability to work; (5) since April 1, 2019, Plaintiff continued to have severe impairments; (6) since April 1, 2019, Plaintiff had the residual functional capacity ("RFC") to perform light work with certain

---

[3] ECF Nos. 14-15, Administrative Record ("AR ___") 17.
[4] AR 95-98.
[5] AR 103-07.
[6] AR 125-40 .
[7] AR 143.
[8] AR 37-69.
[9] AR 14-36.
[10] 20 C.F.R. § 404, Subpart P, Appendix 1.

limitations but could not perform his past relevant work; and (7) since April 1, 2019, given Plaintiff's age, education, work experience, and RFC, there were a significant number of jobs in the national economy that he could perform.[11] Based upon those determinations, the ALJ concluded that Plaintiff was no longer disabled as of April 1, 2019.[12]

Plaintiff appealed the ALJ's adverse ruling,[13] and on April 7, 2022, the Appeals Council denied his appeal,[14] making the ALJ's decision final for purposes of judicial review.[15] Plaintiff timely filed his complaint seeking judicial review of the Commissioner's final decision.[16]

### STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[17] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[18] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[19] "In reviewing the ALJ's decision, [this court may] neither reweigh the

---

[11] AR 19-29.

[12] AR 29-30.

[13] AR 194-95.

[14] AR 1-8.

[15] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[16] ECF No. 5.

[17] *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[18] 42 U.S.C. § 405(g).

[19] *Lax,* 489 F.3d at 1084 (quotations and citation omitted).

evidence nor substitute [its] judgment for that of the [ALJ]."[20] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[21]

To determine whether to terminate or continue a claimant's DIB, the Commissioner must consider "if there has been any medical improvement in [the claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work."[22] Medical improvement is defined as

> any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [the claimant's] impairment(s).[23]

Medical improvement is related to the ability to work "if there has been a decrease in the severity . . . of the impairment(s) present at the time of the most recent favorable medical decision and an increase in [the claimant's] functional capacity to do basic work activities" that allows the claimant "to engage in substantial gainful activity."[24] The Commissioner bears the burden of

---

[20] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[21] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[22] 20 C.F.R. § 404.1594(a).

[23] *Id*. § 404.1594(b)(1).

[24] *Id*. § 404.1594(b)(3).

establishing both the claimant's work-related medical improvement and current ability to engage in substantial gainful activity.[25]

"An eight-step sequential evaluation process is used in termination-of-benefit reviews."[26] At the first step, the Commissioner considers whether the claimant is engaging in substantial gainful activity.[27] If the claimant is engaged in substantial gainful activity, he is no longer considered disabled.[28] If, however, the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to the next step.

The second step requires the Commissioner to consider whether the claimant's impairments meet or equal a listing.[29] If the claimant's impairments meet or equal a listing, his disability will be found to continue.[30] If, on the other hand, the claimant's impairments do not meet or equal a listing, the Commissioner moves to the next step.

At step three, the Commissioner considers whether there has been medical improvement, as defined above, in the claimant's conditions.[31] If there has been medical improvement in the claimant's conditions, the Commissioner proceeds to step four.[32] If there has not been medical improvement in the claimant's conditions, the Commissioner proceeds to step five.[33]

---

[25] *Hayden v. Barnhart*, 374 F.3d 986, 988 (10th Cir. 2004).
[26] *Id.*; *see* 20 C.F.R. § 404.1594(f)(1)-(8).
[27] 20 C.F.R. § 404.1594(f)(1).
[28] *Id.*
[29] *Id.* § 404.1594(f)(2).
[30] *Id.*
[31] *Id.* § 404.1594(f)(3).
[32] *Id.*
[33] *Id.*

The fourth step requires the Commissioner to determine whether the demonstrated medical improvement is related to the claimant's ability to work.[34] The consideration at this step is whether there has been an increase in the claimant's RFC based on the impairments that were present at the time of the claimant's most recent favorable medical determination.[35] If the medical improvement is related to the claimant's ability to work, the Commissioner proceeds to step six.[36] If it is not, then the Commissioner proceeds to step five.[37]

At step five—which is reached only if the Commissioner determines that there has been no medical improvement or that the medical improvement is not related to the claimant's ability to work—the Commissioner considers whether any of the exceptions to medical improvement contained in 20 C.F.R. § 404.1594(d) or (e) apply.[38] If none of them applies, then the claimant is still disabled.[39] If any of the first group of exceptions applies, the Commissioner proceeds to step six.[40] If any of the second group of exceptions applies, the Commissioner will determine that the claimant's disability has ended.[41]

At the sixth step—which is reached only if the Commissioner determines that there has been medical improvement related to the claimant's ability to work or if any of the first group of

---

[34] *Id.* § 404.1594(f)(4).
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Id.* § 404.1594(f)(5).
[39] *Id.*
[40] *Id.*
[41] *Id.*

exceptions to medical improvement applies—the Commissioner considers whether all of the claimant's impairments in combination are severe.[42] If all of the claimant's impairments in combination are deemed to be severe, the Commissioner proceeds to step seven.[43] If not, then the claimant is no longer disabled.[44]

The seventh step requires the Commissioner to consider whether the claimant can engage in substantial gainful activity.[45] The Commissioner determines whether the claimant has the RFC to engage in work the claimant has done in the past.[46] If the claimant can perform such work, then he is no longer disabled.[47] If not, the Commissioner proceeds to step eight.

At step eight, the Commissioner considers whether the claimant can do other work considering the claimant's age, education, past work experience, and RFC.[48] If the claimant can perform other work, the Commissioner will determine that the claimant's disability has ended.[49] If not, the Commissioner will determine that the claimant is still disabled.[50]

## ANALYSIS

Plaintiff generally argues that the ALJ erred in assessing Plaintiff's RFC. Specifically, Plaintiff contends that the ALJ erred: (I) in evaluating Plaintiff's subjective symptom reports, and

---

[42] *Id.* § 404.1594(f)(6).
[43] *Id.*
[44] *Id.*
[45] *Id.* § 404.1594(f)(7).
[46] *Id.*
[47] *Id.*
[48] *Id.* § 404.1594(f)(8).
[49] *Id.*
[50] *Id.*

(II) in the hypotheticals posed to the vocational expert ("VE"). As shown below, both of Plaintiff's arguments fail, and the court recommends affirming the Commissioner's decision.

### I. The ALJ Did Not Err in Evaluating Plaintiff's Subjective Symptom Reports.

The ALJ did not err in evaluating Plaintiff's subjective symptom reports because the ALJ's analysis complied with the relevant regulation, and his findings are supported by substantial evidence. When assessing Plaintiff's RFC, the ALJ was required to consider Plaintiff's subjective symptom reports.[51] However, the ALJ was not required to accept Plaintiff's reports as true.[52] Instead, the ALJ was obligated to assess Plaintiff's RFC based upon the entire record.[53] As part of that assessment, the ALJ had to consider whether Plaintiff's subjective symptom reports were consistent with other record evidence.[54]

That is exactly what the ALJ did. Indeed, the ALJ summarized Plaintiff's subjective symptom reports and, thereafter, concluded that those reports were inconsistent with medical records and objective medical findings, as well as with Plaintiff's daily activities.[55] Further, the ALJ's analysis supporting that conclusion contains extensive findings based on evidence in the record.[56] Therefore, the ALJ did not err in evaluating Plaintiff's subjective symptom reports. To

---

[51] *Id.* § 404.1529; SSR 16-3p, 2017 WL 5180304.

[52] 20 C.F.R. § 404.1529(a).

[53] *Id.* § 404.1545(a)(1).

[54] *Id.* § 404.1529(c)(2)-(4).

[55] AR 24-28.

[56] *Id.*

the contrary, the ALJ engaged in the precise analysis the relevant regulation requires,[57] and his findings are supported by substantial evidence.

To the extent Plaintiff argues that the ALJ should have evaluated Plaintiff's subjective symptom reports differently, that argument fails because it asks the court to reweigh the evidence, which is impermissible. The court does not reweigh the evidence before the ALJ.[58] From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.[59] Therefore, the court rejects Plaintiff's invitation to reweigh the evidence.

## II. The ALJ Did Not Err in the Hypotheticals Posed to the VE.

The ALJ did not err in the hypotheticals posed to the VE because the ALJ relied upon the VE's answer to the hypothetical that contained all the limitations the ALJ ultimately included in Plaintiff's RFC.[60] Plaintiff argues that the ALJ should have included additional limitations in the operative hypothetical that reflected Plaintiff's subjective symptom reports. However, the ALJ

---

[57] 20 C.F.R. § 404.1529(c)(2)-(4); *see also* SSR 16-3p, 2017 WL 5180304.

[58] *Madrid*, 447 F.3d at 790.

[59] *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

[60] *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) ("The hypothetical question [posed to the VE] should include all—and only—those impairments borne out by the evidentiary record. The VE relied on the limitations found by the ALJ, which are reflected in the RFC assessment form. The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record." (citations omitted)).

was not required to accept the VE's view on a hypothetical that was not based on the evidence that the ALJ deemed established. Because the court has agreed that the ALJ did not need to credit the severity of Plaintiff's self-reported symptoms as Plaintiff did, the ALJ did not need to consider the VE's response to a hypothetical that included Plaintiff's self-reported symptoms at a severity not supported by the evidence.[61] Accordingly, the ALJ's determination as to which hypothetical to rely upon was appropriate.

## CONCLUSION AND RECOMMENDATION

The court concludes that all of Plaintiff's arguments fail. Therefore, the court HEREBY RECOMMENDS that the Commissioner's decision in this case be AFFIRMED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[62] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[63] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 13th day of July 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[61] *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("We have already rejected plaintiff's challenges to the ALJ's RFC assessment. The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.").

[62] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[63] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).