IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH T.,<br><br>          Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECCOMENDATION**<br><br>Case No. 2:22-cv-00364-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Joseph T. appeals the Social Security Commissioner's final decision determining he is not entitled to Disability Insurance Benefits (DIB) under Title II of the Social Security Act.[1] Now before the court is Plaintiff's Objection[2] to Magistrate Judge Jared C. Bennett's Report and Recommendation (Recommendation), which recommends the Commissioner's decision be upheld.[3]  For the reasons explained below, Plaintiff's Objection is OVERRULED, Judge Bennett's Recommendation is ADOPTED, and the Commissioner's decision is AFFIRMED.

## BACKGROUND

### I.        Plaintiff's Claim

On March 24, 2011, the Commissioner found Plaintiff disabled and entitled to DIB beginning on June 30, 2010.[4]  Following a continuing disability review, the Commissioner found Plaintiff had made significant medical improvement, was able to perform many types of work,

---

[1] Dkt. 5, Complaint.

[2] Dkt. 34, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Objection).

[3] Dkt. 33, Report and Recommendation (Recommendation).

[4] Dkt. 14–15, Administrative Record (AR) 17.

1

and no longer met the disability criteria.[5]  The Commissioner concluded Plaintiff's disability

ended on April 1, 2019, and Plaintiff was no longer entitled to DIB.[6]  Plaintiff requested

reconsideration of that decision.[7]

## II.        Administrative Review

Upon reconsideration, the Commissioner affirmed that Plaintiff's disability ended on

April 1, 2019.[8]  Plaintiff then requested a hearing before an Administrative Law Judge with the

Social Security Administration.[9]  Plaintiff appeared with counsel for the hearing on October 7,

2021.[10]  On October 28, 2021, the ALJ issued a written decision in which he followed the

required eight-step process for determining whether Plaintiff continued to be disabled.[11]

The ALJ concluded that: (1) Plaintiff had not engaged in substantial gainful activity

through the date of the ALJ's decision; (2) since April 1, 2019, Plaintiff's impairments did not

meet or equal a section of Appendix 1 of the relevant regulations (commonly referred to as the

"listings");[12] (3) Plaintiff experienced medical improvement on April 1, 2019; (4) Plaintiff's

medical improvement was related to his ability to work; (5) since April 1, 2019, Plaintiff

continued to have severe impairments; (6) since April 1, 2019, Plaintiff had the residual

functional capacity (RFC) to perform light work with certain limitations but could not perform

his past relevant work; and (7) since April 1, 2019, given Plaintiff's age, education, work

---

[5] *Id.* at 97.

[6] *Id.*

[7] *Id.* at 104.

[8] *Id.* at 134.

[9] *Id.* at 143.

[10] *Id.* at 37–69.

[11] *Id.* at 14–36.

[12] 20 C.F.R. § 404, Subpart P, Appendix 1.

experience, and RFC, there were a significant number of jobs in the national economy he could perform.[13]  Based upon these findings, the ALJ concluded Plaintiff was no longer disabled as of April 1, 2019 and affirmed the Commissioner's decision.[14]

Plaintiff appealed the ALJ's adverse ruling,[15] and on April 7, 2022, the Appeals Council denied his appeal,[16] making the ALJ's decision final for purposes of judicial review.[17]  Plaintiff then timely filed his Complaint with this court seeking judicial review of the Commissioner's final decision.[18]

### III.        Federal Court Review

In his Complaint, Plaintiff argues the ALJ's determination that his RFC allows him to perform light work with some limitations is "not supported by substantial evidence."[19]  Plaintiff alleges the ALJ's RFC assessment failed to properly consider Plaintiff's subjective testimony about his impairments.[20]  As a result, he contends the hypothetical that was posed to the vocational expert (VE) as part of the ALJ's process for ascertaining Plaintiff's ability to work did not accurately account for the degree and severity of his limitations.[21]  Asserting that the ALJ's

---

[13] AR 19–29.  The ALJ's decision includes only seven steps because if the ALJ finds at step four the claimant's medical improvement is related to the claimant's ability to work, the ALJ advances straight to step six.  *See* 20 C.F.R. § 404.1594(f)(4).

[14] *Id.* at 29–30.

[15] *Id.* at 194–95.

[16] *Id.* at 1–8.

[17] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[18] Dkt. 5, Complaint.

[19] *Id.* at 6.

[20] *Id.* at 7.

[21] *Id.* at 8.

decision was not supported by substantial evidence, Plaintiff requests the court reverse the Commissioner's final decision and restore his DIB.[22]

The case was referred to Magistrate Judge Bennett under 28 U.S.C. § 636(b)(1)(B),[23] who issued a Report and Recommendation (Recommendation) on July 13, 2023.[24]  Judge Bennett concluded the "ALJ did not err in evaluating Plaintiff's subjective symptom reports because the ALJ's analysis complied with the relevant regulation, and his findings are supported by substantial evidence."[25]  Concerning the hypotheticals posed to the VE, Judge Bennett determined the ALJ did not err "because the ALJ relied upon the VE's answer to the hypothetical that contained all the limitations the ALJ ultimately included in Plaintiff's RFC."[26]  Judge Bennett concluded Plaintiff's arguments failed to establish error on the part of the ALJ and recommended affirming the Commissioner's decision.[27]

Plaintiff timely filed an Objection to the Recommendation.[28]  The court now takes it up.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 72(b)(2), a party may file "specific written objections" to a magistrate judge's proposed report and recommendation.  The court reviews de novo the parts of the report and recommendation to which a party has properly objected.[29]  As for

---

[22] *Id.* at 9.

[23] Dkt. 6.

[24] Dkt. 33, Report and Recommendation (Recommendation)

[25] *Id.* at 8.

[26] *Id.* at 9.

[27] *Id.* at 10.

[28] Dkt. 34, Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (Objection).

[29] Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.") (citations omitted).

the unobjected to portions of the report and recommendation, the Supreme Court has suggested no further review by the district court is required, but neither is it precluded.[30]  This court reviews unobjected to portions of the report and recommendation for clear error.[31]

When reviewing the ALJ's decision, the court must determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.[32]  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[33]  And, "[i]n reviewing the ALJ's decision, [the court] neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency."[34]  That the evidence may support two contrary conclusions "does not prevent an administrative agency's findings from being supported by substantial evidence."[35]  The court is not permitted to "displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."[36]

---

[30] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrates Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); *id.* at 154 (noting that "it is the district court, not the court of appeals, that must exercise supervision over the magistrate," so that "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

[31] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[32] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[33] *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (internal quotation marks and citation omitted).

[34] *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks and citation omitted).

[35] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

[36] *Id.*

**ANALYSIS**

Plaintiff's Objection largely restates the allegations from the Complaint, however, Plaintiff takes specific issue with two of Judge Bennett's conclusions: (1) the ALJ did not err in evaluating Plaintiff's subjective symptom reports, and (2) the ALJ did not err in the hypotheticals posed to the VE. The court addresses each of these objections in turn.

## I.    The ALJ Sufficiently Accounted for Plaintiff's Subjective Symptom Reports in Assessing His RFC.

Before Judge Bennett, Plaintiff argued the ALJ's determination of his RFC was not supported by substantial evidence because the ALJ failed to "fairly evaluate and incorporate the evidence and testimony" Plaintiff provided regarding his impairments.[37]  Plaintiff alleges he has physical and mental impairments that pose "difficulty in concentrating, remembering, staying on task, following through and completing tasks, maintaining punctual and regular attendance, and interacting constructively with supervisors and the general public, working productively for sustained periods of time."[38]  However, after considering all evidence in the record, the ALJ determined that, while Plaintiff could not perform his past relevant work, his RFC indicated he could perform light work subject to certain limitations.[39]  This conclusion, Plaintiff argues, is not supported by substantial evidence because the ALJ failed to incorporate Plaintiff's testimony concerning the effects of his mental impairments on his ability to work.[40]

Judge Bennett found the ALJ's RFC assessment complied with the relevant regulations and was supported by substantial evidence.[41]  The Recommendation sets forth the regulatory

---

[37] Complaint at 6.

[38] *Id.* at 5.

[39] *Id.*

[40] *Id.* at 6.

[41] Recommendation at 8.

framework guiding the ALJ's assessment of Plaintiff's RFC and determined the ALJ properly followed these requirements.[42]   In particular, the ALJ considered Plaintiff's subjective symptom reports and "concluded that those reports were inconsistent with medical records and objective medical findings, as well as with Plaintiff's daily activities."[43]   The Recommendation determined the ALJ "engaged in the precise analysis the relevant regulation requires," and based his conclusion on substantial evidence in the record.[44]   Lastly, the Recommendation rejected Plaintiff's argument that the ALJ should have evaluated Plaintiff's subjective symptom reports differently.[45] Following Tenth Circuit precedent, Judge Bennett noted "[t]he court does not reweigh the evidence before the ALJ.  From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions."[46]

In objecting to the Recommendation, Plaintiff argues Judge Bennett erred in finding the ALJ's RFC assessment was based on substantial evidence, reasserting that the ALJ did not properly consider Plaintiff's subjective symptom reports.  According to Plaintiff, absent these reports, the ALJ's RFC assessment and determination that Plaintiff could engage in limited work could not be based on substantial evidence.  He argues, "The record did not contain an abundance of medical evidence" pertaining to relevant work-related criteria "because those are not factors with which medical providers concern themselves."[47]

---

[42] *Id.*

[43] *Id.*

[44] *Id.* at 8–9.

[45] *Id.* at 9.

[46] *Id* (citing *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006); *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007); *Lax*, 489 F.3d at 1084).

[47] Objection at 5.

Plaintiff further asserts, to the extent there was evidence in the record on these factors, it came only from "[Plaintiff's] testimony at the hearing directly to the contrary."[48]  Because the ALJ "decided to not include any limitations in his RFC as to [Plaintiff] being able to interact with coworkers, supervisors and the general public, always in a constructive manner, as to [Plaintiff] being on task at least 85% of the workday, and as to [Plaintiff] being at work every workday, that must mean the [ALJ] found that [Plaintiff] would be able to do all of these things."[49]  And that, Plaintiff argues, is not supported by substantial evidence.[50]

Plaintiff's argument is unavailing on both the law and the facts of this case.  Judge Bennett applied the correct legal standard in reviewing the ALJ's determination and correctly concluded the ALJ's RFC assessment was based on substantial evidence.  As noted above, the court reviews an ALJ decision only "to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied."[51]  Here, when evaluating Plaintiff's RFC, the ALJ was required to consider Plaintiff's subjective symptom reports,[52] but was not required to accept those reports as true.[53]  Rather, the ALJ was obligated to assess Plaintiff's RFC based upon the entire record.[54]  As part of that assessment, the ALJ had to consider whether Plaintiff's subjective symptom reports were consistent with the other record evidence.[55]

---

[48] *Id.* at 5–6.

[49] *Id.* at 6.

[50] *Id.*

[51] *Lax*, 489 F.3d at 1084.

[52] 20 C.F.R. § 404.1529.

[53] *Id.* § 404.1529(a).

[54] *Id.* § 404.1545(a)(1).

[55] *Id.* § 404.1529(c)(2)–(4).

The ALJ properly followed these requirements in performing his RFC assessment. Contrary to Plaintiff's assertion that there was little to no medical evidence in the record concerning Plaintiff's ability to work, the court finds the record is replete with such evidence and the ALJ explicitly considered it in his decision.[56]

As the record shows, Plaintiff met with at least seven physical and mental health professionals in conjunction with his continuing disability review.[57]  They all provided opinions on Plaintiff's ability to work considering his impairments.[58]  These opinions explicitly evaluated his ability across the range of work-related factors Plaintiff alleges is unsupported by objective medical evidence.[59]  For example, Dr. Tanya Colledge, a licensed psychologist, reported that, even considering Plaintiff's "impaired capacity to tolerate work stress as it relates to his interactions with others," he is "capable of completing basic work tasks."[60]  Dr. Nancy Cohn noted that even though Plaintiff's "stress reactivity and anger level fluctuates," her evaluation found Plaintiff's symptoms improved since his initial disability determination and "he could complete and tolerate some work tasks, with reduced interpersonal demands."[61]  The doctors all opined on the limitations posed by Plaintiff's impairments but concluded he was capable of the type of work ultimately reflected in the ALJ's RFC assessment.[62]

The ALJ clearly considered the medical evidence in the record as demonstrated by his summaries of the doctors' evaluations in his decision. The ALJ ascribed "great weight" to these

---

[56] *See* AR 21–28.

[57] *Id.* at 25–27.

[58] *Id.*

[59] *Id.*

[60] *Id.* at 25, 646.

[61] *Id.* at 26, 855.

[62] *Id.*

various opinions because they were "well supported" and consistent with the objective evidence in the rest of the record.[63] His RFC assessment ultimately reflects the findings in the medical evaluations, noting both Plaintiff's impairments and the conclusion he is capable of work subject to those limitations.[64] The record contained ample objective medical evidence explicitly evaluating Plaintiff's ability to work considering the relevant criteria.

Plaintiff's argument that the ALJ's determination could not have been based on substantial evidence because he did not incorporate Plaintiff's subjective symptom reports also fails. As an initial matter, Plaintiff's contention that the ALJ "decided to not include" in the RFC assessment any of the limitations Plaintiff alleges concerning his ability to work and interact with others is inaccurate.[65] The RFC expressly incorporates limitations concerning Plaintiff's physical abilities, as well as limitations based on Plaintiff's mental impairments[66]—for example, limiting his potential work to "routine, repetitive tasks" and only "occasional, superficial" contact with the public and coworkers.[67]

Further, the ALJ considered Plaintiff's testimony and properly discounted its weight after finding it inconsistent with the rest of the record.[68] The ALJ discussed Plaintiff's testimony concerning his physical and mental impairments, and the limitations they pose to his ability to

---

[63] *Id.* at 26–27. As further evidence the ALJ performed a careful assessment in accordance with the applicable legal standards, he ascribed "little weight" to the opinions of three doctors who found Plaintiff's physical impairments were not limiting because they were "neither well supported nor consistent with medical records and physical examinations."

[64] *Id.* at 23.

[65] Objection at 6.

[66] AR 23

[67] *Id.*

[68] *Id.* at 24–25.

work.[69]  However, he found this testimony was both inconsistent with objective medical evidence in the record and with other statements Plaintiff made.

Plaintiff testified that his impairments limit his physical mobility and his ability to "remember[], concentrate[], understand[], follow[] instructions, and get[] along with others."[70] Despite these assertions, Plaintiff:

> Noted in a function report that he helps take care of his son and two daughters, prepares his own meals, takes care of his two dogs, drives a car, goes grocery shopping, pays bills, counts change, spends time with others, finishes what he starts, does word find and crossword puzzles, vacuums, dusts, goes out alone, watches television, gets along okay with authority figures, and has never been fired or laid off from a job due to problems getting along with others.[71]

The ALJ found Plaintiff's self-reported daily activities were "inconsistent with his allegations of disabling symptoms and limitations."[72]  Further, the ALJ conducted a comprehensive survey of the objective medical evidence in comparison to Plaintiff's testimony and found "the medical evidence of record fails to provide strong support for the [Plaintiff's] allegations of disabling symptoms and limitations."[73]  Ultimately, the ALJ found Plaintiff's allegations were "not [] consistent with the objective medical evidence."[74]

---

[69] *Id.* at 24.

[70] *Id.*

[71] *Id.* at 24–25.

[72] *Id.* at 25.

[73] *Id.*

[74] *Id.*

This is precisely the sort of evaluation the ALJ is required to perform, and his RFC assessment was based on substantial evidence.[75]  In *Mayberry v. Astrue*, the Tenth Circuit reached the same conclusion in affirming an ALJ decision.[76]  There, similar to here, the ALJ discounted the claimant's subjective report of his disability and limitations because it was inconsistent with other statements in the record concerning his daily activities, including "caring for his own personal needs, fixing meals for himself, performing the household chores for himself, mowing the lawn and visiting with close friends."[77]  When considering these inconsistencies in conjunction with those in the medical evidence, the Tenth Circuit held the ALJ's decision to discredit the claimant's testimony in his RFC assessment was supported by "substantial evidence."[78]  The same conclusion follows here.  Plaintiff's testimony was unsupported—even contradicted—by both his own statements and the objective medical evidence.  The ALJ appropriately considered this and based his RFC assessment on substantial evidence in the entire record.

Therefore, the court finds the Magistrate Judge correctly found the ALJ did not err in assessing Plaintiff's RFC and evaluating his subjective symptoms report.

---

[75] *See* 20 C.F.R. § 404.1529(a) ("We will consider all of your statements about your symptoms . . . However, statements about [your symptoms] will not alone establish that you are disabled.  There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the [symptoms] alleged and that, when considered with all of the other evidence . . . would lead to a conclusion that you are disabled."); § 404.1529(c)(4) ("We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled.  We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence.").

[76] 461 F. App'x 705, 710 (10th Cir. 2012).

[77] *Id.*

[78] *Id.* at 711–12.

## II.        The ALJ Did Not Err in the Hypotheticals Posed to the VE.

Before Judge Bennett, Plaintiff also argued the ALJ's determination concerning Plaintiff's ability to work relied on the VE's response to a hypothetical that did not properly incorporate Plaintiff's testimony.[79]  The ALJ first posed a hypothetical to the VE comprised of only limitations the ALJ included in the RFC assessment.[80]  In response to this question, the VE testified there were a number of jobs Plaintiff could perform.[81]  In subsequent hypotheticals, however, the ALJ included additional limitations drawn from Plaintiff's testimony but not included in his assessed RFC.[82]  Under those circumstances, the VE testified there were likely not jobs an individual with those limitations could perform.[83]  Plaintiff argued these "additional restrictions more accurately reflect[ed] [Plaintiff's] true RFC, as evidenced by [Plaintiff's] evidence and testimony."[84]  Plaintiff asserted that had the ALJ relied on a hypothetical properly incorporating his subjective testimony, he would have concluded Plaintiff is unable to work and still disabled.[85]

Judge Bennett found the ALJ did not err because he relied upon a hypothetical that "contained all the limitations the ALJ ultimately included in Plaintiff's RFC."[86]  Citing to the Tenth Circuit's opinion in *Bean v. Chater*, Judge Bennett determined "the ALJ was not required to accept the VE's view on a hypothetical that was not based on the evidence that the ALJ

---

[79] Complaint at 7.

[80] *Id.*

[81] *Id.*

[82] *Id.*

[83] AR 64–66.

[84] *Id.*

[85] *Id.*

[86] Recommendation at 9

deemed established."[87]  Judge Bennett already concluded the "ALJ did not need to credit the severity of Plaintiff's self-reported symptoms as Plaintiff did" for purposes of the RFC assessment.[88]  Therefore, the Recommendation concludes, "the ALJ did not need to consider the VE's response to a hypothetical" including "self-reported symptoms at a severity not supported by the evidence."[89]

Plaintiff objects to the Recommendation's finding concerning the ALJ's hypothetical, arguing the one relied upon was not based on substantial evidence.[90]  Plaintiff acknowledges an ALJ is not required to rely upon a hypothetical including limitations the ALJ finds are not supported by the record.[91]  The court, according to Plaintiff, may assume the ALJ assessed Plaintiff's RFC based on the required criteria and applied that RFC to determine Plaintiff's ability to work.[92]  However, as Plaintiff argues, "an assumption based on another assumption is not substantial evidence."[93]  While that may be true, it is an inapt characterization of the what the ALJ did here and what the Recommendation found.

Plaintiff's argument concerning the ALJ's hypothetical is essentially a reprise of his underlying argument about the ALJ's RFC assessment.  Having already found the ALJ based his

---

[87] Recommendation at 9–10 (citing *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) ("The hypothetical question [posed to the VE] should include all—and only—those impairments borne out by the evidentiary record.  The VE relied on the limitations found by the ALJ, which are reflected in the RFC assessment form.  The ALJ was not required to accept the answer to a hypothetical questions that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record." (citations omitted))).

[88] *Id.* at 10 (citing *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("We have already rejected plaintiff's challenges to the ALJ's RFC assessment.  The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment.  Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.")).

[89] *Id.*

[90] Objection at 4–5.

[91] *Id.* at 4.

[92] *Id.* at 5.

[93] *Id.*

14

RFC assessment on substantial evidence, the court need only consider whether the hypothetical the ALJ relied upon to support his conclusion "include[d] all—and only—those impairments borne out by the evidentiary record."[94]  Plaintiff points to the hypotheticals including impairments from his own testimony as evidence he is unable to work and his disability continues.  However, the ALJ justifiably found this testimony was inconsistent with the rest of the record and was not required to rely on hypotheticals "includ[ing] limitations claimed by plaintiff but not accepted by the ALJ as supported by the record."[95]

The court finds the ALJ did not err in relying upon a hypothetical that was consistent with the limitations in Plaintiff's RFC.  The ALJ asked the VE to consider a hypothetical individual of the same age, educational, and vocational background as Plaintiff who is capable of light exertion.[96]  He then included several limitations: the individual could only be on his feet for "four hours in an eight-hour shift;" "could occasionally perform all postural activities;" is "limited to the performance of routine, repetitive tasks;" could only have "occasional changes in a routine work setting;" and could have "occasional superficial" contact with the public, coworkers, or supervisors.[97]  These limitations match those found in the RFC assessment:

> [T]he claimant can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds.  He can sit for six hours total in an eight-hour workday and can only be on his feet for a total of four hours in an eight hour shift.  Further, the claimant can occasionally perform all postural activities.  He is limited to the performance of routine, repetitive tasks.  Additionally, the claimant can have no more than occasional changes in a routine work setting.  He can have occasional,

---

[94] *Bean*, 77 F.3d at 1214 ("The hypothetical should include all—and only—those impairments borne out by the evidentiary record . . . The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record.").

[95] *Id.*

[96] AR 64.

[97] *Id.*

superficial contact with the public.  Finally, the claimant can have occasional contact with coworkers or supervisors.[98]

The ALJ's hypothetical was properly constructed based on the impairments and limitations found in the RFC assessment.

Therefore, the court finds the Magistrate Judge correctly determined the ALJ did not err in the hypothetical posed to the VE.

### III.        Remainder of the Report

Plaintiff's specific objections addressed above largely cover the entirety of the Recommendation.  To the extent any aspects of the Recommendation do not fall within these objections, the court reviewed the remainder of the Recommendation and finds no clear error in any of Judge Bennett's conclusions.  Accordingly, the court adopts the Recommendation in its entirety.

### CONCLUSION

For the reasons stated above, Plaintiff's Objection is OVERRULED, Magistrate Judge Bennett's Report and Recommendation is ADOPTED, and the decision of the Social Security Commissioner is AFFIRMED.  The Clerk of Court is directed to close the case.

SO ORDERED this 28th day of September 2023.


BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[98] *Id.* at 23.

16